IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ARREDONDO, 36119-177, | ) | |
|     Petitioner, | ) | |
| v. | ) | 3:09-CV-1365-L |
| | ) | 3:07-CR-0003-L |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

On April 24, 2007, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute and distribution of 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. On November 13, 2007, Petitioner was sentenced to 216 months imprisonment and five years supervised release. Petitioner's direct appeal was dismissed as frivolous. *United States v. Arredondo*, 325 Fed. Appx. 343 (5th Cir. 2009).

On July 13, 2009, Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel because his counsel failed to move for a downward departure based on entrapment.

On October 20, 2009, Respondent filed its answer. On November 6, 2009, Petitioner filed a reply. The Court now determines the petition should be denied.

**II. Discussion**

**1.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective because he failed to move for downward departure by arguing the government entrapped him. Petitioner states that after his first sale of drugs to a confidential informant, the government waited twelve months to arrest him. If the government had arrested him immediately after that first sale, the volume of drugs he sold would have been less than the amount of drugs he sold during the twelve month investigation. He states these facts support an entrapment defense.

Sentencing entrapment is defined as "outrageous official conduct which overcomes the will of an individual predisposed only to dealing in small quantities for the purpose of increasing the amount of drugs and the resulting sentence of the entrapped defendant." *United States v. Washington*, 44 F.3d 1271, 1280 n.29 (5th Cir. 1995) (*quoting United States v. Barth*, 990 F.2d 422, 424 (8th Cir. 1993)). The Fifth Circuit has not yet determined whether sentencing entrapment is a viable defense. *See United States v. Saldivar*, 2011 WL 4868827 at *1, No. 10-41105 (5th Cir. Oct. 14, 2010) (citing *United States v. Snow*, 309 F.3d 294, 295 (5th Cir. 2002)). Petitioner therefore cannot show his counsel was constitutionally deficient for failure to raise this claim. Additionally, Petitioner has failed to show outrageous government conduct to overcome his will and cause him to sell more drugs that he otherwise would have sold. Petitioner argues only that the government should have stopped his activity sooner. He has failed to show his counsel was deficient for failing to raise this argument. Counsel is not required to make frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

Further, Petitioner has failed to show he suffered the required prejudice. Petitioner has submitted no evidence that there was a reasonable probability that such a motion would have been granted by the Court. In his factual resume, Petitioner admitted he conspired to distribute or possess at least 500 grams of methamphetamine. (Factual Resume at 1.) He also admitted he distributed methamphetamine to numerous customers on multiple dates. (*Id*. at 2-8.) Petitioner's claim should be denied.

**2.     New Claim**

In Petitioner's reply to Respondent's answer, he raises the new claim that his sentence was improperly enhanced four levels based on his leadership role in the offense. He states the

government failed to prove his leadership role.  New claims, however, cannot be raised in a reply brief.  *Jefferson v. Christus St. Joseph Hosp.*, 374 Fed. Appx. 485, 492 (5th Cir. 2000).  To raise a new claim, Petitioner is required to comply with Federal Rule of Civil Procedure 15(a)(2), which states a party "may amend [his] pleading only with the opposing party's written consent or the court's leave."  Petitioner failed to comply with this rule.

Additionally, the new claim is barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute provides that the limitations period shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final.  *See* 28 U.S.C. § 2255 (1).  On April 30, 2009, the Fifth Circuit decided Petitioner's appeal.  Petitioner's conviction became final ninety days later on July 29, 2009.  *See* Sup. Ct. R. 13.  Petitioner then had one year, or until July 29, 2010, to file his claims.  He did not file his new claim until November 6, 2009.  Petitioner has also stated no basis for equitable tolling of the limitations period.  Petitioner's claim is therefore barred by limitations.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 3rd day of November, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).