IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOHN ARREDONDO, 36119-177,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:09-CV-01365-L-BF** |
| § | |
| **UNITED STATES OF AMERICA**, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is John Arredondo's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed July 21, 2009. Also before the court is Arredondo's Motion Pursuant to F.R.C.P. 15(a)(2) to Raise New Issues, filed December 29, 2011.

**I.  Background**

Petitioner pled guilty on April 24, 2007, to one count of conspiracy to possess with intent to distribute and distribution of 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. On November 13, 2007, Petitioner was sentenced to 216 months imprisonment and five years supervised release. A judgment was entered on November 15, 2007. Petitioner's direct appeal was dismissed as frivolous on April 30, 2009. Petitioner did not file a petition for writ of certiorari.

On July 13, 2009, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel as a result of his counsel's failure to move for a downward departure based on entrapment. On October 20, 2009, Respondent United States of America ("the Government") filed an answer. On November 3, 2011, Magistrate Judge

Paul D. Stickney entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that Petitioner's habeas motion be denied.

On November 23, 2011, the court extended Petitioner's deadline to file objections to the Report to December 2, 2011. On December 12, 2011, the court granted Petitioner's second request to extend the deadline to file objections to January 2, 2012. On December 29, 2011, Petitioner filed a Motion Pursuant to F.R.C.P. 15(a)(2) to Raise New Issues. In his motion, Petitioner refers to the Report but does not assert any objections. Instead, he requests permission to expand the record: (1) to raise the claim that a plea agreement violation occurred as a result of the magistrate judge's "impermissible attempt to convince [him] to accept the plea agreement in the plea exchange hearing"; (2) to raise the claim that his sentence was improperly enhanced four levels based on his leadership role in the offense; and (3) to reclassify or rename his original claim of ineffective assistance of counsel based on entrapment as a "Reverse Sting Operation" claim. Petitioner's Mot. 2.

## II. Analysis

Rule 15 of the Federal Rules of Civil Procedure applies to federal habeas proceedings. *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). Because the Government had already filed a responsive pleading before Petitioner sought to amend his pleadings, Rule 15(a)(2) applies. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id*.

Section 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, "bars any petition filed, on behalf of a federal prisoner more than one year after the final judgment

of conviction." *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (per curiam); 28 U.S.C. § 2255(f). This same bar applies to Rule 15 motions to assert new claims. *Gonzalez*, 592 F.3d at 678-79. A "conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where . . . the appellant has not actually filed such a petition." *Gamble*, 208 F.3d at 536.

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). A claim is considered new if it is based on "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Gonzalez*, 592 F.3d at 680 (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

A.  **Plea Agreement Violation**

Petitioner's conviction became final on July 29, 2009, ninety days after his direct appeal was dismissed by the Fifth Circuit. *See* Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). The court determines that Petitioner's proposed amendment regarding the magistrate judge's alleged attempt to convince Petitioner to accept a plea agreement raises a new ground for relief that differs in time and type from the ineffective assistance of counsel claim previously asserted. Consequently, it does not relate back to Petitioner's original pleading and is time-barred, because it was asserted more than one year after his conviction became final on July 29, 2009. Petitioner's Rule 15 motion to amend on this ground is therefore denied.

B.   **Enhancement Claim**

As noted in Petitioner's motion, the magistrate judge's Report considered this new claim, which was raised for the first time on November 13, 2009, in Petitioner's reply to the Government's answer. The magistrate judge determined, and the court agrees, that this claim is likewise barred by the one-year statute of limitations. The claim that Petitioner was improperly enhanced four levels based on his leadership role raises a new ground for relief that differs in time and type from the ineffective assistance of counsel claim previously asserted and therefore does not relate back to his original pleading. Accordingly, Petitioner's Rule 15 motion to amend on this ground is denied.

C.   **Reverse Sting Operation Claim**

Since Petitioner merely seeks to "reclassify" or "rename" his original claim of ineffective assistance of counsel based on entrapment as a reverse sting operation claim, the court determines that any such amendment would be futile for the reasons explained in the Report. Petitioner's Mot. 2; *see Gonzalez*, 592 F.3d at 681 ("[A] district court may deny motions to amend, even when such amendment would be as a matter of course, when the amendment would be futile.") (internal quotations omitted). Petitioner's Rule 15 motion to amend on this ground is therefore denied.

**III.   Conclusion**

For the reasons herein explained, the court determines that Petitioner's Motion Pursuant to F.R.C.P. 15(a)(2) to Raise New Issues should be and is hereby **denied**. Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court further determines that the findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, John Arredondo's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **denied** and **dismissed with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 24th day of January, 2012.

Sam A. Lindsay<br>
United States District Judge

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion and Order – Page 5**